**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| JEFFREY G. ALVARADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-0859-CV-W-FJG |
| | ) |
| AVIATION INSTITUTE OF MAINTENANCE, | ) |
| ADRIAN ROTHROCK, DAMON COOK, | ) |
| JIM DONAHOE, and | ) |
| TECHNICAL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Default Judgment (Doc. # 8), plaintiff's second motion for default judgment (Doc. # 12), plaintiff's motion for a Protective Order (Doc. # 17) and plaintiff's Motion to Strike Suggestions in Opposition to the Motion and Defendants' Answer (Doc. # 19).

Plaintiff filed his Complaint on August 29, 2013. Plaintiff attempted to serve the Complaint upon defendants by sending copies of the Complaint via certified mail. On September 20, 2013, plaintiff filed a Motion for Default Judgment. On September 23, 2013, defendants filed an Answer to the Complaint and Suggestions in Opposition to the Motion for Default. Defendants argue that plaintiff's Motion for Default Judgment should be denied because plaintiff did not accomplish proper service under the Federal Rules of Civil Procedure or in accordance with Missouri law. Defendants state that they have contemporaneously filed an Answer in this case and have agreed to waive service

under the Federal Rules of Civil Procedure. On September 24, 2013, plaintiff filed a second motion for default judgment. In his Motion, plaintiff states only that he is requesting default judgment and that in support of the request, he is relying upon the record of the case. Plaintiff has also filed a Motion to Strike defendants' Suggestions in Opposition to the Motion to Strike and their Answer.

Plaintiff attempted to serve all defendants by certified mail. Fed.R.Civ.P. 4 describes the manner in which service is accomplished. Fed.R.Civ.P. 4(e) describes the various methods in which an individual may be served. The rule states that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

For corporations, partnerships and associations, the Federal Rules state that service may be accomplished:

> (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires- by also mailing a copy of each to the defendant .

The Federal Rules, through a process called Waiver of Service, also allow a plaintiff to send the defendant a copy of the summons and complaint through the mail. However, there are very specific requirements which the plaintiff must follow in requesting that the defendant to waive service. See Fed.R.Civ.P. 4(d). For example, the rule requires that the plaintiff send to the defendant a copy of the Complaint along with two copies of the waiver form, as well as a prepaid means for returning the form. In the instant case, it is not disputed that plaintiff failed to follow the requirements for waiver of service. However, the defendants have nonetheless agreed to waive service and have now filed answers to both the initial Complaint and plaintiff's Amended Complaint. Therefore, plaintiff's Motion for Default Judgment (Doc. # 8), plaintiff's second motion for default judgment (Doc. # 12) and plaintiff's Motion to Strike Suggestions in Opposition to the Motion and Defendants' Answer (Doc. # 19) are hereby **DENIED**.

Plaintiff has also filed a Motion for a Protective Order (Doc. # 17), requesting that the Court issue a Protective Order "covering Plaintiff, and wife, two sons, and one grandson from the defendants." Plaintiff is apparently requesting protection because he was served with a summons from defendant Technical Services to appear at the Virginia Beach General District Court in relation to a civil claim for money owed to Technical Services. Plaintiff states that Technical Services "used my employee information to make account in my name, assign $9600.00 debt, with an interest rate, and handling fees and suing for dubious debt in the common wealth court." Plaintiff states that this action is "criminal, improper use of employee information, assaulting Plaintiff family financially, if not possible eventually physically harm to my family."

(Motion for Protective Order, p. 2). The Court is without authority to enter a Protective Order relating to the action which is pending in the Virginia court. Fed.R.Civ.P. 26(c) states in part, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .." Thus, because the action filed by Technical Services is pending in a different court, this Court has no authority to enter an Order relating to that action. Therefore, plaintiff's Motion for a Protective Order is hereby **DENIED** (Doc. # 17).

Date: <u>October 9, 2013</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge